UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 26-mj-104 (NEB-EMB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ELIZABETH ROSE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **MS. ROSE'S RESPONSE TO GOVERNMENT MOTION TO DISMISS** |

The government has filed a motion to dismiss the information against Ms. Rose without prejudice under Rule 48(a) of the Federal Rules of Criminal Procedure. (ECF 19). Ms. Rose asks that the Court grant the government's motion on this record.

**A. Procedural history**

On January 30, 2026, Ms. Rose was charged by criminal complaint with assaulting a federal officer in violation of 18 U.S.C. § 111(a). (ECF 1). According to the affidavit that accompanied the complaint, the charge related to allegations from January 21, 2026. (ECF 1-1 at 3). The government then filed a misdemeanor information on February 5, 2026, charging a misdemeanor violation of 18 U.S.C. § 111(a)(1). (ECF 12). An Arraignment and Status Conference was originally set for March 19, 2026, and then rescheduled for March 2, 2026. (ECF 17). On February 29, 2026, the government filed its Motion to Dismiss without prejudice. (ECF 19). The Arraignment and Status Conference scheduled for March 2 was then cancelled. (ECF 20).

At this time, the government has not provided Ms. Rose with any discovery in this case.

**B. Ms. Rose does not object to the case being dismissed under Rule 48.**

As relevant here, Federal Rule of Criminal Procedure 48(a) provides that "The government may, with leave of court, dismiss an indictment, information, or complaint." FRCrP 48(a). A dismissal under Rule 48(a) is typically without prejudice. *United States v. Arradondo*, 483 F.2d 980, 983 (8th Cir. 1973). The Court has a "limited scope of . . . discretion in ruling on a Rule 48(a) motion to dismiss an indictment." *United States v. Jacobo-Zavala*, 241 F.3d 1009, 1013 (8th Cir. 2001). The "'leave of court' requirement" provides protection to "a defendant against prosecutorial harassment." *Rinaldi v. United States*, 434 U.S. 22, 20 n.15 (1977). When, as here, Ms. Rose consents to the Rule 48(a) dismissal, "the [C]ourt is limited to assessing whether the government's motion is contrary to manifest public interest because it is not based in the prosecutor's good faith discharge of [their] duties." *Jacobo-Zavala*, 241 F.3d at 1013. On this record, there is no evidence that the government's motion is not made in good faith, so the Court should grant the government's motion to dismiss.[1]

**Conclusion**

For these reasons, Ms. Rose requests that the Court grant the government's Motion to Dismiss and dismiss her case under Rule 48(a).

---

[1] If the government later attempts to recharge Ms. Rose and the record at that time indicates an improper purpose for this dismissal such that the case should have been dismissed with prejudice, Ms. Rose would potentially file a motion to dismiss the subsequent charge on that basis. *See United States v. Oliver*, 950 F.3d 556, 562 (8th Cir. 2020) (stating that a defendant "had an opportunity to challenge the" original "dismissal when he filed his motion to dismiss the second indictment").

Dated: March 2, 2026

Respectfully submitted,

***s/Daniel P. Huddleston***

DANIEL P. HUDDLESTON
Attorney ID No. 1031856 (FL)
Attorney for Ms. Rose
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415